UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WANDA VERRET,
    Plaintiff,

v.

CAROLYN COLVIN, Acting
Commissioner of the Social Security
Administration,
    Defendant.

No. 3:14-cv-234 (SRU)

## RULING ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDED RULING

Plaintiff Wanda Verret appealed from the adverse decision of the Commissioner of Social Security denying her application for supplemental security income. On June 2, 2015, U.S. Magistrate Judge William I. Garfinkel issued a recommended ruling (the "Recommended Ruling") recommending that the decision of the Commissioner be affirmed (doc. # 20). Verret filed an objection and a memorandum in support of that objection with respect to particular portions of the Recommended Ruling on June 15, 2015 (doc. # 21). For the reasons set forth below, Verret's objection is overruled. The Recommended Ruling is adopted and the decision of the Commissioner is affirmed.

**I.    Background**

I assume the parties' familiarity with the underlying facts. A full statement of the relevant facts can be found in Magistrate Judge Garfinkel's Recommended Ruling. *See* Recommended Ruling, *Verret v. Colvin*, 3:14-cv-234 (SRU) (doc. # 20).

**II.      Standard of Review**

"In the face of an objection to a Magistrate Judge's recommended ruling, the [d]istrict [c]ourt makes a *de novo* determination of those portions of the recommended ruling to which an objection is made." *Smith v. Barnhart*, 406 F. Supp. 2d 209, 212 (D. Conn. 2005); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 271 (D. Conn. 2008). The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998). It is not the court's function to determine *de novo* whether the claimant was disabled. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court must review the record to determine first whether the correct legal standard was applied and then whether the record contains substantial evidence to support the decision of the Commissioner. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

When determining whether the Commissioner's decision is supported by substantial evidence, the court must consider the entire record, examining the evidence from both sides. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). Substantial evidence need not compel the Commissioner's decision; rather substantial evidence need only be evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks and citations omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the

2

ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks and citation omitted).

**III.     Discussion**

Verret raises four objections to Magistrate Judge Garfinkel's Recommended Ruling, arguing that the ruling errs by: (1) finding no duty to obtain vocational expert testimony; (2) finding Verret's case should not be granted under a listing; (3) failing to accept an opinion from a treating doctor, or treating it as an issue reserved to the commissioner; and (4) equating a slight and temporary improvement with the ability to do work. Each objection is considered in turn.

  A.  Vocational Expert Testimony

First, Verret objects to the Recommended Ruling on the basis that it found no duty for the Administrative Law Judge ("ALJ") to hear testimony from a vocational expert. Ordinarily, the ALJ will rely on the Medical Vocational Guidelines, or "grids," found at 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine whether there are a substantial number of jobs available in the national economy for a particular claimant to perform. In some cases, however, "a claimant's nonexertional impairments significantly limit the range of work permitted by his [or her] exertional limitations," and therefore "the grids obviously will not accurately determine disability status because they fail to take into account claimant's nonexertional impairments." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986). In such a case, the ALJ will need to hear from a vocational expert.

The ALJ in this case relied on the grids rather than a vocational expert, and Judge Garfinkel rejected Verret's contention that such reliance was improper and that a vocational expert was necessary. The basis of Verret's objection is that her nonexertional limitations, which

3

the ALJ acknowledged, are significant enough to prevent her from doing unskilled work as described in SSR 85-15 (S.S.A. 1985). The ALJ found that Verret's Residual Functional Capacity ("RFC") allowed her to "perform work at all exertional levels involving simple, routine repetitive work with one or two-step instruction; involving only occasional interaction with the public, co-workers and supervisors." (R. 28). Judge Garfinkel found that RFC to be in accord with the description of unskilled work in SSR 85-15, which requires the ability "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A *substantial* loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base" (emphasis added).

Verret objects to Judge Garfinkel's interpretation of those two descriptions as "in accord," contending that the ALJ's description of her RFC is "far more limiting" than that description of unskilled work. I disagree. The ALJ's description of her RFC allowing "simple" work with "one or two-step" instructions and "only occasional interaction" with others is in accord with the description of unskilled work that requires following "simple instructions"—especially in light of the fact that such jobs "ordinarily involve dealing primarily with objects, rather than with data or people." (SSR 85-15). If Verret's RFC is somewhat more limited than the full range of unskilled work as described in SSR 85-15, it does not represent a "substantial" loss of ability to perform such work. The ALJ therefore did not err by relying on the grids rather than calling a vocational expert.

B. Granting Under a Listing

Next, Verret objects to Judge Garfinkel's conclusion that the ALJ did not err by finding that Verret did not meet the standard for a listed impairment. Specifically, she argued that her

4

bipolar disorder meets the requirements of impairment 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who meets or equals a Listing is "conclusively presumed to be disabled and entitled to benefits." *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995). The parties agree (and Judge Garfinkel acknowledged the parties' agreement) that Verret's bipolar disorder meets the Part A requirement of that Listing, but in order to meet the Part B requirement, she must show that she has at least two of the following: "1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04(B). The ALJ found that she had mild restrictions in her activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation. (R. 27).

Verret objects to the Recommended Ruling on the basis that Judge Garfinkel "only looks at a small number of [her] symptoms, and ignores her many other symptoms and the limitations they cause" (doc. # 21-1 at 2). But in fact Judge Garfinkel discussed the record of her symptoms at length (doc. # 20 at 10–13), including the conflicts in the evidence. Verret, in her objection, emphasizes those parts of the record consistent with a more severe view of her symptoms, but the record also contains evidence supportive of the ALJ's finding, including the opinions of Dr. Bangs and Dr. Hill, who both found that Plaintiff was only mildly limited in her activities of daily living. (R. 84, 94). The evidence Verret points to does not establish that the ALJ erred; rather, it shows that there is a conflict in the evidence that the ALJ was entitled to resolve. The standard of review of the ALJ's findings is deferential, and I agree with Judge Garfinkel that the

5

ALJ's conclusion that Verret did not meet the requirements of impairment 12.04 was supported by substantial evidence.

### C. Opinion of a Treating Doctor

Next, Verret objects to the ALJ's application of the treating-physician rule. Under that rule, a treating physician's opinion about the nature and severity of a claimant's impairments is given "controlling weight" if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(c)(2). The opinion of a treating physician will not be afforded controlling weight if it is not consistent with other substantial evidence in the record, including the opinions of other medical experts. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

Dr. Dorothea Zachmann, a psychiatrist who treated Verret, opined that Verret is disabled and described her impairments at length. Verret argues that the ALJ erred by attributing to Zachmann's statements "diminished evidentiary weight" as a result of their being "conclusory," and objects to the Recommended Ruling on the basis that Judge Garfinkel found that to be "an opinion reserved to the Commissioner" (doc. # 21-1 at 5). Verret asserts that "the ALJ had no basis and no right to give little weight to a treating physician's opinion simply because the physician opined that the claimant is disabled," and that by Judge Garfinkel's reasoning, "any doctor who opines that a claimant is disabled is to be given no weight, effectively eliminating benefits for any claimant who is truly disabled" (*id.*). Verret misunderstands that reasoning, however. The opinion that Judge Garfinkel described (correctly) as reserved to the Commissioner is only the ultimate conclusion that a claimant is or is not disabled. When Zachmann opines that Verret is "very vulnerable and unable to sustain gainful employment" (R. 533), she expresses an opinion about that ultimate conclusion, and that statement is not entitled

to special deference. Other aspects of Zachmann's opinion, apart from and perhaps supporting that conclusion, are entitled to deference to the extent that they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence in the record. Judge Garfinkel therefore addressed them in the Recommended Ruling.

As discussed above, the record reveals a conflict in the evidence. Judge Garfinkel cites many pages of the record that support Zachmann's opinion (doc. # 20 at 15), but he notes that most of them stem from a single incident when Verret had stopped taking medication and was therefore more symptomatic than usual. He also cites other substantial evidence in the record that does not support Zachmann's opinion, including the opinions of Dr. Bangs and Dr. Hill (*id.* at 15–16). In light of that conflict in the evidence, the ALJ did not err by not affording Zachmann's opinion controlling weight. *See Halloran*, 362 F.3d at 32; 20 C.F.R. § 416.927(c)(2) (the opinion of a treating source will not be afforded controlling weight if that opinion is not consistent with other substantial evidence in the record, including the opinions of other medical experts).

D. "Slight and Temporary Improvement"

Finally, Verret objects to the Recommended Ruling on the basis that it "erroneously equates a slight and temporary improvement with the ability to do work" (doc. # 21-1 at 6). It might be true that a "[s]light improvement, or a [temporary] control of symptoms does not indicate medical improvement allowing return to work," (*id.* at 7), but it is not in the province of the District Court reviewing the decision of the ALJ to undertake anew the weighing of conflicting evidence. Rather, I must look to whether the correct legal standard was applied and whether the record contains substantial evidence to support the ALJ's decision—irrespective of whether there are other decisions the ALJ might have made, or even whether I might have made

another one myself. The record has (and Verret cites) evidence of improvement and control of Verret's symptoms. It might be that Verret would weigh that evidence differently than the ALJ did, regarding it as too slight or potentially temporary to be weighed more heavily, but even if I agreed, I would not be able on that basis to conclude that the ALJ's decision relied on an incorrect legal standard or was not supported by substantial evidence.

**IV.     Conclusion**

For the foregoing reasons, the Recommended Ruling of June 2, 2015 is APPROVED and ADOPTED. The decision of the Commissioner is AFFIRMED. The Clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of March 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge